UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                        CASE NO: 6:08-cr-157-Orl-28KRS

MARIANNE MARRA

_____

### ORDER

This case is before the Court on a "motion challenging the forfeiture of certain personal property" (Doc. 95) filed by Defendant, Marianne Marra. Ms. Marra alleges that her property "was seized by State law enforcement" without adequate notice and that the Government cannot account for the property that was seized. (Id. at 2-5).[1] She requests that the Court order the Government to "fully account for the seized property" and return the seized property if it cannot show it has met the requirements for forfeiture. (Id. at 6).

Ms. Marra pleaded guilty to fourteen counts involving credit card fraud and identity theft. (Plea Agreement, Doc. 38, at 3-4). Her Indictment contained general forfeiture allegations with no listing of specific property to be forfeited. (Indictment, Doc. 4, at 12-15). Ms. Marra's signed plea agreement stated that she "agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture . . . . The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action." (Doc. 38 at 7). A judgment was subsequently entered against Ms. Marra that stated: "Defendant shall forfeit to the United States those assets previously identified in the Indictment that are

_____

[1] The pages of Ms. Marra's motion appear to be out of order. I read page four in the docket as the second page of the motion. (See Doc. 95).

subject to forfeiture." (J., Doc. 64, at 6).

Notwithstanding these forfeiture provisions, at no point did the Government or the Court specifically identify particular property subject to forfeiture, and there is no indication that separate forfeiture proceedings were filed or that any property was actually forfeited. In its Response to the current motion, the Government avers that "[d]espite the forfeiture order at the sentencing hearing and in the Judgment, neither the United States Secret Service nor the Seminole County Sheriff's Office sought forfeiture of any items in this case." (Response, Doc. 97, at 1-2).

According to Ms. Marra, her "motion should be considered a claim and request for the initiation of a civil judicial forfeiture proceeding" under 19 U.S.C. § 1607. (Doc. 95 at 1). It appears that Ms. Marra is attempting to challenge an alleged nonjudicial forfeiture under 18 U.S.C. § 983(e). (Id.). That subsection provides that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." 18 U.S.C. § 983(e)(1). In bringing suit under this subsection, Ms. Marra is alleging that a nonjudicial civil forfeiture of her property occurred. However, in her motion, she does not identify the declaration of forfeiture that she is ostensibly seeking to set aside, nor does she identify the property that was allegedly forfeited. Accordingly, her motion cannot be granted under § 983(e).[2]

The Government suggests that Ms. Marra's motion should instead be treated as a

---

[2] The plea agreement provides that Ms. Marra agrees to forfeiture under 18 U.S.C. § 982(a)(2)(B), which covers criminal forfeiture. (See Doc. 38 at 7). Ms. Marra does not seek relief for any forfeiture allegedly occurring under this section. Furthermore, despite the Judgment's general forfeiture provision, there is no evidence indicating that an actual forfeiture of Ms. Marra's property under this subsection occurred.

motion under Federal Rule of Criminal Procedure 41(g), which provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A motion under Rule 41(g) is properly construed as a civil complaint. United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005) ("When an owner invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity."); see also United States v. Robinson, 434 F.3d 357, 361 (5th Cir. 2005) ("Although [the defendant] filed his motion for return of property pursuant to Rule 41(g), the district court properly construed it as a civil complaint and the denial of the motion as a grant of summary judgment."). To invoke Rule 41(g), a property owner must show "a possessory interest in the property seized by the government" and must have clean hands. Howell, 425 F.3d at 974. Because Ms. Marra does not identify with any specificity the property that was allegedly seized, it is impossible for the Court to determine if any property was seized by the government, if she had a possessory interest in that property, or if she had clean hands with respect to that property. For this reason, under Rule 41(g) the motion must also be denied.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Ms. Marra's motion challenging forfeiture (Doc. 95) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 17, 2015.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Marianne Marra